# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>DENNIS LOUIS ALBA,<br><br>    Defendant/Petitioner. | CASE NO. 01-CR-3177 W<br>              09-CV-1789 W<br><br>**ORDER DENYING PETITIONER'S MOTION TO COMPEL** |

Petitioner Dennis Louis Alba ("Petitioner"), a federal prisoner proceeding *pro se*, has filed a motion requesting leave of court to compel Respondent United States of America to provide Petitioner with a copy of Trial Exhibit No. 900. (Doc. 1192.[1]) The Court decides the matter on the papers submitted and without oral argument. See Civil Local Rule 7.1 (d.1). For the reasons stated below, the Court **DENIES** Petitioner's motion.

---

[1] All docket references refer to Case No. 01-CR-3177.

## I. BACKGROUND

On July 18, 2003, Petitioner was convicted of Engaging in a Continuing Criminal Enterprise, 21 U.S.C. § 8848(a); Conspiracy to Manufacture and Distribute Ecstasy, 21 U.S.C. §§ 846, 841(a)(1) and; Money Laundering, 18 U.S.C. 1956(a). On August 13, 2009, Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel. Later, Petitioner filed the pending motion to compel Respondent to provide Petitioner with a copy of Exhibit 900 from his criminal trial, pursuant to Rule 6(a) of the Rules Governing § 2255 Proceedings.

## II. DISCUSSION

Rule 6(a) of the Rules Governing § 2255 Proceedings states:

> A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law.

An identical rule 6(a) is also found in the Rules Governing § 2254 Proceedings. In Bracy v. Gramley, 520 U.S. 899 (1997) the Supreme Court interpreted this rule and held that "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Id. at 903. The Court held that a 2254 petitioner, unlike the usual civil litigant, is *not* entitled to discovery as a matter of ordinary course; concluding that "broad discovery provisions" do not apply in such proceedings. Id. Because Rule 6(a) uses identical language in both § 2254 and § 2255 proceedings, this Court believes that the Supreme Court's reasoning in Bracy applies to the current 2255 case as well.

In the present case, Petitioner fails to provide good cause as to why this Court should grant his motion to compel. Petitioner's sole argument is that Exhibit 900 "shows Government Trial [Video] Exhibit No. 309 was available to counsel prior to trial." (See Doc. 1192-2, 3:24) This assertion, however, does not explain how the facts

1  alleged would provide a basis for relief under his 2255 petition. See Hubanks v. Frank,
2  392 F.3d 926, 933 (7th Cir. 2004) (explaining that in 2254 proceedings "[g]ood cause
3  . . . cannot exist where the facts alleged do not provide a basis for relief.")  While his
4  petition alleges ineffective assistance of counsel, the Petitioner fails to link Exhibit
5  900—or the availability of Exhibit 309—to his claim that counsel "failed to investigate
6  available evidence" in preparation of his defense. (Id. at 3:23.)

7  Moreover, this is the second time Petitioner has filed a motion to "request
8  production of" Exhibit 900. (Doc. 1153, 2:7.)  As explained when denying the previous
9  motion, Petitioner's attorney has been provided a copy of every Government Trial
10 Exhibit, and if Petitioner requires a specific exhibit, he must obtain it from his attorney.

## III. CONCLUSION AND ORDER

In light of the foregoing, the Court **DENIES** Petitioner's motion to compel. (Doc. 1192.)

**IT IS SO ORDERED.**

DATED: June 1, 2010

Hon. Thomas J. Whelan
United States District Judge

CC: All parties and counsel of record