# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DENNIS ALBA,<br><br>　　　　　　　　　　　　Defendant. | Case No.:  01 CR 3177-W<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582 (c)(1)(A) [DOC. 1274]** |

　　　On May 26, 2005, this Court sentenced Defendant Dennis Alba to 360 months imprisonment for engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 841(a).  The Bureau of Prisons ("BOP") placed him on home confinement in May 2020. Defendant now moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) because of his success on home confinement, rehabilitation and that his age and health make him more likely to get very sick from Covid-19 should he be returned to prison.

　　　18 U.S.C. § 3582(c) provides that a defendant may bring a motion only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring a motion on his behalf.  Defendant has satisfied the exhaustion requirement and the

1

Court has jurisdiction.  For the reasons below, the Court **DENIES** Defendant's motion to reduce his sentence.

Under 18 U.S.C. § 3582(c)(l)(A), a court may reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the court finds that "extraordinary and compelling reasons warrant such a reduction."  The United States Sentencing Commission ("USSG") recognizes that certain medical conditions may constitute an "extraordinary and compelling reason" warranting a reduction in sentence under § 3582.  See USSG § 1B1.13.  However, application note 1(A) limits a reduction for medical conditions to "terminal illness" or if the defendant is:

> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.l(A)(i)-(ii).  U.S.S.G. § 1B1.13 is not binding, however, and "district courts are empowered ... to consider any extraordinary and compelling reason for release that a defendant might raise."  United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021).

While the Court may consider factors outside of those articulated in the Commission's policy statement, no evidence shows that Defendant's basis for modification of sentence meet the high bar needed to show an extraordinary and compelling reason for a sentence reduction.

Defendant contends that his compliance with the conditions of his home confinement justify a reduction in sentence.  Performing well on home confinement is the norm and not an extraordinary and compelling reason for a reduced sentence.

The Court agrees that Defendant has demonstrated rehabilitation. However, as Defendant acknowledges, rehabilitation alone cannot be the basis for compassionate release. 28 U.S.C. § 994(t). The Sentencing Commission report states that rehabilitation "may be considered in addition to another extraordinary and compelling reason." United States Sentencing Commission, *Compassionate Release: The Impact of the First Step Act and Covid -19 Pandemic* at 34.

Defendant contends that his age and health make him more likely to get seriously ill from Covid-19 should he be returned to prison. There is no evidence of a plan to return him to prison. The only medical condition he identifies is hypertension or high-blood pressure. BOP records indicate that his medical conditions were being managed as they state he "has no medical restrictions." (Motion [Doc. 1274], Ex. E [Doc. 1274-1].)

No "extraordinary and compelling" reasons exist to justify the extraordinary relief of a reduced sentence. Defendant does not have a terminal illness and is not suffering from a serious condition that substantially diminishes his ability to provide self-care.

Lastly, the 18 U.S.C. § 3553(a) factors counsel against Defendant's early release. His criminal history includes a prior conviction for conspiracy to distribute a controlled substance. Drug traffickers, especially repeat drug traffickers, pose a danger to the community.

Based on the foregoing, Defendant's motion for a reduced sentence is **DENIED**.

**IT IS SO ORDERED**.

Dated: January 18, 2023

_____
Hon. Thomas J. Whelan
United States District Judge